CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 05 2018

JULIA C. DUDLEY, CLERK
BY: A Boesen
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHIRONG WU WIGLEY, | ) |
| | ) Civil Action No. 7:17CV00425 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) Hon. Glen E. Conrad |
| RICHARD ALAN WIGLEY, | ) Senior United States District Judge |
| | ) |
| Defendant. | ) |

Plaintiff Shirong Wu Wigley, proceeding pro se, brings this action against defendant Richard Alan Wigley to enforce a Form I-864 Affidavit of Support ("I-864 Affidavit") under § 213A of the Immigration and Nationality Act, 8 U.S.C. § 1183a. The matter is currently before the court on the defendant's motion to dismiss based on abstention doctrines, insufficient service of process, and failure to state a plausible claim for relief. For the following reasons, the court will grant the motion.

## Background

Ms. Wigley, a citizen of China, married Mr. Wigley, a citizen of the United States, in August 2012. Compl. ¶¶ 4-5, Dkt. No. 1; Form I-864 Affidavit of Support, Dkt. No. 1-1. Ms. Wigley then filed a petition to become a lawful permanent resident in the United States. Compl. ¶ 7. As part of that process, Mr. Wigley executed an I-864 Affidavit agreeing to maintain Ms. Wigley at an income level of at least 125 percent of the federal poverty guideline. Id. ¶ 6; Affidavit of Support; see 8 U.S.C. §§ 1182(a)(4)(C), 1183a(a)(1)(A).

The parties' marriage subsequently deteriorated, and in March 2017, Ms. Wigley filed a petition for spousal support in the Juvenile and Domestic Relations District Court in Franklin County, Virginia. Armstrong Aff. ¶ 3, Dkt. No. 5-1. The Court ordered Mr. Wigley to pay Ms.

Wigley $580.02 per month starting in April 2017. Compl. ¶ 20. Mr. Wigley appealed the spousal support order, but subsequently withdrew the appeal on May 18, 2017. Spousal Support Order, Dkt. No. 11-1. On July 5, 2017, Mr. Wigley filed for divorce in the Franklin County Circuit Court. Armstrong Aff. ¶ 5. He requested an equitable distribution of the parties' real and personal property. Id. ¶ 7.

On September 13, 2017, Ms. Wigley filed the instant action to enforce the I-864 Affidavit. In her complaint, she charges Mr. Wigley with domestic violence and alleges that Mr. Wigley did not buy her enough food to live on from January 2015 onward. She also alleges that she has not lived with her husband since at least January 1, 2015. She asserts that, although the state court ordered Mr. Wigley to pay her $580.02 per month starting in April 2017, that amount does not maintain her at 125 percent of the federal poverty guideline and does not account for Mr. Wigley's lack of support prior to April 2017. Accordingly, she contends that Mr. Wigley has failed to and continues to fail to support her as required by the I-864 Affidavit.

Mr. Wigley has moved to dismiss the action, and Ms. Wigley has filed a response. On January 25, 2018, the court ordered the parties to submit additional briefs updating the court on the parties' divorce proceedings and on Ms. Wigley's immigration status. Counsel for Mr. Wigley avers that Ms. Wigley raised the issue of the I-864 Affidavit during the spousal support proceedings, and the record shows that she raised the issue during the divorce proceedings. Answer to Divorce Complaint 2, Dkt. No. 20-2. On December 15, 2017, the Franklin County Circuit Court entered a final divorce decree, declining to enter a new award of spousal support and upholding the April 2017 spousal support order. Final Divorce Decree 11, Dkt. No. 20-3. Ms. Wigley asserts that she has continued to be lawful permanent resident since 2013 when she

attained that status shortly after her marriage to Mr. Wigley. This matter is now ripe for review.[1]

## Discussion

In support of his motion to dismiss, the defendant relies on the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971). Absent extraordinary circumstances, the Younger doctrine requires federal courts to abstain from exercising jurisdiction when doing so would interfere with pending state court proceedings. Robinson v. Thomas, 855 F.3d 278, 285 (4th Cir. 2017) (internal quotation marks). The doctrine stems from principles of comity, federalism, and respect for the ability of state courts to resolve federal constitutional issues. Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994). In determining whether the doctrine applies, courts use a three-pronged test, asking whether: (1) "there are ongoing state judicial proceedings"; (2) "the proceedings implicate important state interests"; and (3) "there is an adequate opportunity to raise federal claims in the state proceedings." Id. (citing Middlesex City Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

In this case, the first two requirements for Younger abstention are clearly met. It is undisputed that, when the plaintiff filed this action, the parties were engaged in ongoing divorce proceedings in state court and that the plaintiff raised the issue of support under the I-864 Affidavit in those proceedings. Moreover, the parties have represented to the court that the divorce proceedings remain pending before the Court of Appeals for Virginia. See Smith v. Smith, No. CIV.A. 7:07CV00117, 2007 WL 3025097, at *7 (W.D. Va. Oct. 12, 2007). Second, courts have long recognized that the area of family relations involves important state interests. Harper v. Pub. Serv. Comm'n of W. Va., 396 F.3d 348, 352 (4th Cir. 2005). As to the third

---

[1] The court has determined that oral argument would not aid in the decisional process.

3

requirement, the plaintiff has had and continues to have an adequate opportunity to raise the issue of the I-864 Affidavit in the divorce proceedings. She has not alleged that the state courts would improperly avoid her claim under the I-864 Affidavit. Accordingly, under the circumstances of this case, the test for Younger abstention is met. See Kawai v. UaCearnaigh, 249 F. Supp. 3d 821, 825 (D.S.C. 2017) (abstaining under Younger doctrine in an action to enforce an I-864 Affidavit based on pending state court divorce and support proceedings).[2]

The Fourth Circuit has strictly applied the test for abstention under Younger, diverting from it only upon a showing of bad faith or other extraordinary circumstances. See Nivens, 444 F.3d at 241. While the plaintiff alleges that the defendant has not acted in good faith over the course of their marriage, there are no allegations that the defendant is avoiding the issue of support under the I-864 Affidavit in state court. Nor does the record before the court indicate any other extraordinary circumstances warranting an exception to Younger abstention.

Accordingly, the court is constrained to apply Younger abstention in this case and to permit the state court proceedings to address all issues of spousal support between the parties.

---

[2] In Kawai, the Court recognized that another district court has reached the opposite conclusion under these circumstances. 249 F. Supp. 3d at 825 (citing Montgomery v. Montgomery, 764 F. Supp. 2d 328, 333-34 (D.N.H. 2011)). However, that case relied on the idea that the Younger doctrine requires a threshold finding of interference. Montgomery, 764 F. Supp. 2d at 333. The United States Court of Appeals for the Fourth Circuit has strictly applied the three-prong test for Younger abstention without separately considering whether the federal action has the practical effect of interfering with the state court action. See Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006); Kawai, 249 F. Supp. 3d at 825. Moreover, Montgomery derived the interference requirement in part from the United States Supreme Court's decision in Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 544 U.S. 280, 292 (2005). In Exxon, the Supreme Court ruled that the mere "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." The Fourth Circuit has rejected reliance on Exxon Mobil in determining the application of Younger abstention. Nivens, 444 F.3d at 245.

4

## Conclusion

For the reasons stated, the court will grant the defendant's motion to dismiss, deny as moot the plaintiff's motion to strike the answer to the complaint, and dismiss the action with prejudice.

The Clerk is directed to send certified copies of this opinion to the plaintiff and all counsel of record.

ENTER: This 5th day of March, 2018.

/s/ Jackson L. Kiser
Senior United States District Judge