CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 10 2018

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

SHIRONG WU WIGLEY,  )
                      )    Civil Action No. 7:17CV00425
   Plaintiff,  )
                      )    **MEMORANDUM OPINION**
v.                    )
                      )    Hon. Glen E. Conrad
RICHARD ALAN WIGLEY,  )    Senior United States District Judge
                      )
   Defendant.  )

In this action to enforce a Form I-864 Affidavit of Support ("I-864 Affidavit") under § 213A of the Immigration and Nationality Act, 8 U.S.C. § 1183a, the court granted defendant Richard Alan Wigley's motion to dismiss under the principles of Younger[1] abstention. The matter is currently before the court on plaintiff Shirong Wu Wigley's motion to alter or amend the judgment under Rule 59 of the Federal Rules of Civil Procedure. For the reasons that follow, the motion will be denied.

Plaintiff cites Rule 59 in her motion to alter or amend the judgment, which is typically treated as a motion under Rule 59(e). In her reply brief, however, she refers to Rules 59(b) and 59(d), which pertain to the granting of a new trial. Because this case never proceeded to trial, Rules 59(b) and 59(d) do not apply here. Accordingly, the court will analyze plaintiff's motion under Rule 59(e).

"A Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand

---

[1] Younger v. Harris, 401 U.S. 37 (1971).

v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). "It is an extraordinary remedy that should be applied sparingly" and only in "exceptional circumstances." Id. The rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted).

Applying these principles, the court concludes that the plaintiff is not entitled to relief under Rule 59(e). In her motion, the plaintiff asks the court to alter or amend its judgment that Younger abstention applies in this case. In abstaining under Younger, the court recognized that some courts have limited Younger abstention to cases in which a federal action interferes with an ongoing state proceeding by enjoining, or having the practical effect of enjoining, the state action. However, as recognized in Kawai v. UaCearnaigh, 249 F. Supp. 3d 821, 825 (D.S.C. 2017) (citing Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994)), that is not the standard in this circuit. Because the court applied the existing circuit precedent in determining whether to abstain, the court has not committed a clear legal error.[2] Nor has the court been made aware of any change in the controlling standard. While the

---

[2] Although not raised by either party, the court recognizes that Kawai did not consider the United States Supreme Court's decision in Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013), which held that Younger abstention applies only when the pending state action falls into one of "three exceptional categories": (1) "ongoing state criminal prosecutions," (2) "certain civil enforcement proceedings," and (3) "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." Id. at 78-79 (alteration and internal quotation marks omitted). Since Sprint, district courts have reached unclear or conflicting conclusions over whether to apply Younger when the pending state action involves domestic relations. See, e.g., Lawn Managers, Inc. v. Progressive Lawn Managers, Inc., No. 4:16 CV 144, 2017 WL 76898, at *3 (E.D. Mo. Jan. 9, 2017) ("[I]t appears that this state order [dividing marital property], as a domestic relations decree, is of a kind uniquely in furtherance of the state courts' ability to perform their judicial functions.") (internal quotation marks omitted)); Charnock v. Virginia, No. 2:16cv493, 2017 WL 5574987, at *3 (E.D. Va. Jan. 5, 2017) (finding that, when motions remained pending in state divorce proceedings following the entry of a final divorce decree, federal claims "challeng[ing] various rulings and decisions made in" the state divorce proceedings "implicate[d] [the] State's interest in enforcing the orders and judgments of its courts") (internal quotation marks omitted)); Key v. Lilley, No. 2:16cv130, 2016 WL 8292132, at *3 (E.D. Va. June 29, 2016) (applying Younger abstention to federal action alleging constitutional violations arising from state divorce proceedings when those proceedings were still ongoing); Cole v. Montgomery, No. 4:14-cv-4462, 2015 WL 2341721, at *7 (D.S.C. May 12, 2015) (applying Younger abstention to property claims brought in federal court against ex-husband when the same property was the subject of ongoing state divorce proceedings). But see, e.g., Strom v. Corbett, No. 2:14cv1518, 2015 WL 4507637,

plaintiff may disagree with the court's decision on this issue, "mere disagreement does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993).

The plaintiff also refers to her state court appellate brief and claims that she does not have an adequate opportunity to raise her claim for relief under the I-864 Affidavit on appeal in state court. She asserts that the state appellate court will not consider new claims on appeal and that "[d]uring the divorce proceeding she requested specific performance for future support but she did not . . . ask [for support] owed to her daughter" or for overdue support. Pl.'s Mot. to Alter or Amend the Judgment 2, Dkt. No. 28. The plaintiff also repeats her earlier arguments that divorce courts may decline to consider an I-864 Affidavit and that the rights available under an I-864 Affidavit differ from the rights available under state divorce law. Id. at 3 (citing Erler v. Erler, 824 F.3d 1173, 1177 (9th Cir. 2016)). However, Younger abstention requires only an adequate, and not a perfect, opportunity to raise one's federal claims in state court. See Nivens v. Gilchrist, 444 F.3d 237, 244 (4th Cir. 2006) ("[A] 'federal court should not exert jurisdiction if the plaintiff[] had an opportunity to present [her] federal claims in the state proceedings.'") (quoting Moore v. Sims, 442 U.S. 415, 425-26 (1979)). Thus, the plaintiff has not identified a clear legal error. Although the court is sympathetic to the complications of proceeding on appeal as a pro se litigant, the plaintiff has not presented any previously unavailable evidence demonstrating that she has had an inadequate opportunity to present her claim under the I-864 Affidavit. Nor has she identified any change in controlling law that indicates that the Virginia courts will not consider her I-864 Affidavit, if reasonably raised. Absent any basis for concluding that the opportunity to seek relief under the I-864 Affidavit has been foreclosed in state court, and in light of the court's dismissal without prejudice, the court does not believe that

---

at *9 (W.D. Pa. July 24, 2015) (ruling that, after Sprint, Younger does not apply when the pending state action is a divorce proceeding). In light of these conflicting rulings, Sprint does not entitle the plaintiff to relief under Rule 59(e).

3

Rule 59(e) relief is required to prevent a manifest injustice.

Next, the plaintiff objects to the court's recitation of certain facts. The court accepts that defendant withdrew his appeal of the spousal support order on September 21, 2017, and that the plaintiff lived with the defendant for a period in August 2015. However, those facts have no bearing on the court's conclusion that Younger abstention applies in this case. The plaintiff also refutes the statement in the court's opinion that "'Counsel for Mr. Wigley avers that Ms. Wigley raised the issue of the I-864 Affidavit during the spousal support proceedings.'" Pl.'s Mot. to Alter or Amend the Judgment 3. According to plaintiff, neither she nor her counsel raised the issue of the I-864 Affidavit in the spousal support proceedings. This argument does not rely on previously unavailable evidence and does not establish a manifest injustice. The plaintiff has raised her claim for relief under the I-864 Affidavit in the pending divorce proceedings, see id. at 2, and that fact is sufficient for purposes of Younger.

Finally, the plaintiff asks the court to amend its opinion to state that the dismissal is without prejudice. The court has already indicated in its opinion that the dismissal is without prejudice.[3] Thus, to the extent the plaintiff now seeks relief under Rule 60(a) of the Federal Rules of Civil Procedure to correct a clerical error, her motion is moot.[4]

In sum, the plaintiff has not identified any basis for granting her motion to alter or amend

---

[3] Although generally dismissals based on Younger abstention are with prejudice, the court recognizes that such dismissals may be without prejudice under certain circumstances. Nivens, 444 F.3d at 247. To avoid any risk of unfair prejudice to the plaintiff, a pro se litigant who claims that the state proceedings do not permit her to adequately protect her rights under federal law, the court has dismissed the case without prejudice. See id. at 247 n.8; see also Saub v. Phillips, No. 3:16CV414, 2017 WL 1658831, at *8 (E.D. Va. May 1, 2017) (citing Gibbs v. State Comm'r, 558 F. App'x 333, 334 (4th Cir. 2014) (affirming dismissal of a civil action based on Younger abstention when dismissal was without prejudice)).

[4] Plaintiff does not cite Rule 60(b) of the Federal Rules of Civil Procedure, but the court recognizes that Rule 60(b) motions filed within 28 days of a district court's dismissal order are treated as Rule 59(e) motions. Black Water Marine Explorer LLC v. Unidentified Shipwrecked Vessel or Vessels, 714 F. App'x 296, 297 (4th Cir. 2018) (citing Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 411-12 (4th Cir. 2010)). Plaintiff filed her motion to alter or amend the judgment within 28 days of the court's entry of its dismissal order. Thus, to the extent plaintiff invokes Rule 60(b) in her motion, the motion is construed as a Rule 59(e) motion.

4

the court's judgment. Accordingly, the court will deny the motion and deny the plaintiff's request to stay this case pending the outcome in the state proceedings.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and to all counsel of record.

DATED: This 10th day of May, 2018.

　　　　　　　　　　　　　　　／s／ Glen Conrad
　　　　　　　　　　　　　　　Senior United States District Judge